# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| CARIS LIFE SCIENCES, INC. | § § | |
| v. | § § | CIVIL ACTION NO. 3:24-CV-1713-S |
| ADAM HAUBEN | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Adam Hauben's Motion for Leave to File Under Seal the Appendix to His Motion to Stay Discovery ("Motion to Seal") [ECF No. 38]. Having reviewed the Motion to Seal, Defendant's Brief in Support of the Motion to Seal ("Defendant's Brief") [ECF No. 38-1], Plaintiff Caris Life Sciences, Inc.'s Response in Support of the Motion to Seal ("Response") [ECF No. 45], Defendant's Reply to the Response [ECF No. 49], the Joint Statement Regarding the Motion to Seal ("Joint Statement") [ECF No. 90], and the applicable law, the Court **GRANTS** the Motion to Seal.

### I. BACKGROUND

On September 13, 2024, Defendant filed his Motion to Stay Discovery ("Motion to Stay") [ECF No. 37]. Defendant then requested leave to file Exhibit B-13 of the Appendix to the Motion to Stay ("Appendix") [ECF No. 38-3] in redacted form. Def.'s Br. 1. According to Defendant, Plaintiff claimed the redacted portions of Exhibit B-13 "as its own confidential information." *Id.* Defendant disagrees that the redacted information is confidential. *See, e.g.*, Joint Statement 2.

### II. LEGAL STANDARD

Pursuant to Local Civil Rule 79.3(b), "[i]f no statute or rule requires or permits a document to be filed under seal, a party may file a document under seal only on motion and by permission of the presiding judge." No statute or rule requires or permits sealing here; therefore, the Court

must determine whether sealing is warranted. The Court "heavily disfavor[s] sealing information placed in the judicial record." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519-20 (5th Cir. 2022). In determining whether a document should be sealed, the Court undertakes a "document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (internal quotation marks and citation omitted). This standard is "arduous," and the balancing test is stricter than it is at the discovery stage. *June Med. Servs.*, 22 F.4th at 521 (citation omitted). "[T]he working presumption is that judicial records should not be sealed." *Binh Hoa Le*, 990 F.3d at 419 (citation omitted).

### III. ANALYSIS

The Court concludes that filing Exhibit B-13 in redacted form is appropriate. According to Plaintiff, Exhibit B-13 contains confidential information and/or trade secrets. Joint Statement 2. Protecting trade secrets is a "good reason[] to file documents. . . under seal." *Binh Hoa Le*, 990 F.3d at 419. And redaction "is often practicable and appropriate as the least restrictive means of safeguarding sensitive information." *United States v. Ahsani*, 76 F.4th 441, 453 (5th Cir. 2023) (citation omitted). Further, because the redactions are narrowly tailored to protect only confidential and/or trade secret information, the Court finds that the interests in support of nondisclosure outweigh the public's common law right of access to the redacted information contained in Exhibit B-13. *See United States v. Planned Parenthood Fed'n of Am.*, No. 2:21-CV-022-Z, 2023 WL 8116198, at *4 (N.D. Tex. Aug. 4, 2023) ("[A]ppropriate redaction rather than sealing is the preferred means of achieving privacy balanced with the public's right of access." (alteration in original) (citation omitted)).

2

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant Adam Hauben's Motion for Leave to File Under Seal the Appendix to His Motion to Stay Discovery [ECF No. 38]. The Court **ORDERS** that the version of the Appendix currently on file [ECF No. 38-3] shall remain under seal. The Court **DIRECTS** Defendant to file a public version of the Appendix with the redactions proposed in connection with the Motion to Seal. And the Court **DIRECTS** the Clerk to unseal ECF Nos. 38-1, 38-2, and 38-4.

**SO ORDERED.**

SIGNED June 6, 2025.

_____
**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**